**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

**Charles Kenyatta Jr a.k.a Charliecee**

        **Claimant,**                                     **Civil Case No:**

      **-vs-**

**DONALD J. TRUMP, in his individual and official capacity as President of the United States,**
**UNITED STATES OF AMERICA,**
**U.S. GENERAL SERVICES ADMINISTRATION**

**Defendant.**

----------------------------------------------------------------

Please Take Notice, to the above-entitled:

Charles Kenyatta Jr, Claimant herein, being duly sworn, deposes and says:

1. I am the pro-se claimant herein.
2. I make this motion, The <u>Original Claim</u> Statement of Facts Relevant to the claim herein:

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**

**I. INTRODUCTION**

Plaintiff brings this action to challenge the discriminatory and unconstitutional rollback of civil rights protections by Defendant Donald J. Trump and the United States government.

Specifically, Plaintiff seeks redress for injuries caused by Executive Order 14173 (See Exhibit 10) and subsequent policy changes that removed explicit bans on segregated facilities in federal contracts, reversing decades of civil rights progress.

The Defendants, under the color of law, enabled policies that violate the Equal Protection and Due Process Clauses, encourage segregation, and disproportionately harm Black, Hispanic, and LGBTQ+ communities.

These changes contradict the legacy of civil rights leaders like Martin Luther King Jr., Malcolm X, Rosa Parks, John Lewis, Adam Clayton and plaintiff grandfather, Charles 37X Kenyatta who gave their lives and voices to end segregation and build a more equal America. Dr. King warned that 'we can never be satisfied as long as our children are stripped of their selfhood and robbed of their dignity by signs stating: For Whites Only.' Rosa Parks declared she was 'tired of giving in.' Malcolm X highlighted America's hypocrisy, stating, 'America preaches integration and practices segregation.' (See Exhibit 6 Quotes from Civil Rights Leader, See Exhibit 3 Plaintiff Grandfather and Malcom X)

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this district and the Plaintiff resides here.

## III. PARTIES

Plaintiff, Charles Kenyatta Jr, is a citizen of the United States residing in Collins, NY, who has suffered direct harm and psychological trauma as a result of the rollback of civil rights protections and the federal government's official endorsement of discriminatory practices.

Defendant Donald J. Trump, at all relevant times President of the United States, issued Executive Order 14173 and is sued in his individual and official capacity.

Defendant United States of America is responsible for the acts of its officers and agencies, including enforcement of the Constitution and civil rights laws.

Defendant U.S. General Services Administration (GSA) is a federal agency that removed FAR clause 52.222-21, thereby authorizing federal contractors to maintain segregated facilities. (See Exhibit 8)

## IV. FACTUAL ALLEGATIONS

On or around January 2025, President Trump signed Executive Order 14173, which revoked multiple Diversity, Equity, and Inclusion (DEI) measures. (See Exhibit 9)

In February 2025, following this executive order, the U.S. General Services Administration (GSA) issued a memo that removed a long-standing civil rights clause—FAR 52.222-21, titled "Prohibition of Segregated Facilities"—from all

federal contracts. (See Exhibit 8 the FAR)

This clause had required federal contractors to affirmatively promise they would not operate segregated facilities (such as separate restrooms, waiting rooms, dining areas, or workspaces based on race, gender, religion, etc.). (See Exhibit 5 Segregated in 1960's)

The GSA justified this removal by calling it "duplicative" of existing civil rights laws, such as the Civil Rights Act of 1964, and said its removal would "streamline" federal acquisition regulations. (See Exhibit 7)

However, while those laws technically remain, this change removes proactive enforcement and sends a message that the government no longer requires desegregation as a condition for federal funding—a dangerous rollback of civil rights protections.

**PLAINTIFF-SPECIFIC ALLEGATIONS**

Plaintiff Charles Kenyatta, Jr. was promoting "Vote Donald Trump" all over his social media, encouraging others in the Black and Spanish communities to support Donald Trump during the election. Plaintiff actively argued with people on social media, defending Trump and trying to convince others that he would bring positive change to Black, Spanish and LGBTQ+ communities. (See Exhibit 1 Social Media Support and Exhibit 2 Arguments)

Plaintiff believed that Trump's use of high-profile Black and Spanish music artists to appeal to these communities was a sign that he intended to listen, include, and uplift marginalized voices. Plaintiff put his own reputation on the line in advocating for Trump in good faith. (See Exhibit 4)

However, once in office, Defendant Trump issued Executive Order 14173 and supported the removal of civil rights protections like FAR clause 52.222-21. This action directly contradicted the promises implied by his campaign and cultural outreach. Plaintiff now sees this as a calculated manipulation and betrayal—a strategy to win votes by exploiting the cultural capital of Black and Spanish communities, only to implement policy changes that roll back decades of progress.

These changes deeply affected Plaintiff emotionally, mentally, and culturally. Plaintiff felt used, misled, and discarded after defending Trump and helping to influence others in his communities to support him. Instead of delivering the

promised change, Trump's actions have caused fear, harm, and retraumatization among the very communities he courted for support.

**V. CLAIMS FOR RELIEF**

Count I – Violation of the Equal Protection Clause (Fifth and Fourteenth Amendments)
Defendants' actions deny Plaintiff and similarly situated individuals the equal protection of the laws by allowing policies that create conditions for segregation and discrimination in federally funded programs.

Count II – Violation of Title VI of the Civil Rights Act of 1964
By removing protections prohibiting racial and ethnic discrimination in federally funded programs, Defendants violated Title VI.

Count III – Violation of Title VII of the Civil Rights Act of 1964
Removing anti-segregation contract clauses enables discriminatory employment practices, violating Title VII.

Count IV – Violation of 42 U.S.C. § 1983
Defendants, acting under color of law, deprived Plaintiff of constitutional rights, including equal protection and freedom from discrimination.

Count V – Intentional Infliction of Emotional Distress
Plaintiff has suffered emotional and psychological harm from the betrayal and

Count VI – Institutional Civil Rights Retraction and Pattern of Discrimination
Plaintiff incorporates all prior paragraphs as if fully stated herein.

In addition to the actions by federal government officials, Plaintiff alleges that a wider national pattern of civil rights retraction is occurring, as evidenced by the decisions of major U.S. corporations to dismantle long-standing DEI (Diversity, Equity, and Inclusion) programs.

For example, Target ended key DEI initiatives in early 2025 following political pressure and a shareholder lawsuit. These programs were designed to support Black employees, shoppers, and business owners. Similarly, Walmart eliminated supplier diversity goals and LGBTQ+ inclusion programs. The abandonment of these protections reflects a growing culture of systemic regression on civil rights.

When public and private institutions collectively scale back DEI protections, it

creates an environment of normalized exclusion and discrimination, particularly harming historically marginalized communities.

These actions, when taken together with the rollback of federal anti-segregation protections under Executive Order 14173, amount to a coordinated or parallel effort that violates the spirit and intention of civil rights laws.

Legal support for these claims can be found in:
- *Brown v. Board of Education*, 347 U.S. 483 (1954) – holding that separate is inherently unequal.
- *Norwood v. Harrison*, 413 U.S. 455 (1973) – the government may not aid private discrimination.
- *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971) – employment practices with discriminatory effect can violate Title VII.
- *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252 (1977) – intent to discriminate can be inferred from context and outcomes.
- *Washington v. Davis*, 426 U.S. 229 (1976) – policies with disparate impact are subject to scrutiny under Equal Protection if intent is shown.

Plaintiff alleges that the institutional rollback of equity programs, in both the public and private sectors, has created a hostile and unequal environment, contributing to civil rights violations against vulnerable groups, including the Plaintiff. These patterns support the need for judicial relief.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Executive Order 14173 and the GSA's removal of FAR clause 52.222-21 are unconstitutional and violate the Equal Protection Clause and federal civil rights laws;

b. Issue a preliminary and permanent injunction reinstating anti-segregation protections in all federal contracts and prohibiting any policy that enables or fails to prevent segregation;

c. Award total monetary damages in the amount of $1,000,000,000, broken down as follows:
- $100,000,000 for emotional distress and mental anguish;
- $250,000,000 for the loss of civil rights and constitutional protections;
- $150,000,000 for cultural and community harm;

- $500,000,000 in punitive damages to punish and deter further civil rights violations;

d. Award reasonable court costs and any applicable future attorneys' fees if representation is obtained;

e. Grant any other relief this Court deems just and proper in the interests of justice, equity, and constitutional accountability.

**RESPECTFULLY SUBMITTED,**

*Charles Kenyatta Jr*
Charles Kenyatta, Jr. 22B3002
Collins Correctional Facility
PO Box 340
Collins, NY 14034