UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA JR. a.k.a.
CHARLIECEE,

                        Plaintiff,

              -against-                                      1:25-CV-2475 (LTS)

DONALD J. TRUMP, in his individual and                          ORDER
official capacity as President of the United
States, et al.,

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff Charles Kenyatta Jr., who appears *pro se* and proceeds *in forma pauperis*

("IFP"), filed this action while incarcerated in the Collins Correctional Facility.[1] He has since

filed a "Motion for Judicial Action or Reassignment due to Failure to Issue Summons Following

IFP Grant." (ECF 12.) In this motion, Plaintiff asks this Court to issue summonses and order

service of process by the United States Marshals Service ("USMS") or, alternatively, direct the

reassignment of this action. (*Id.* at 2-3.) For the reasons discussed below, the Court denies this

motion.

DISCUSSION

**A.      Summonses and USMS service of process**

          To the extent that Plaintiff moves the Court to direct the Clerk of Court to issue

summonses and to direct the USMS to perform service of process, the Court denies the motion.

This action is being reviewed pursuant to the screening requirements laid out in the IFP statute,

28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and in the Prison Litigation Reform Act ("PLRA"), 28 U:S.C.

---

[1] Plaintiff is currently incarcerated in the Elmira Correctional Facility.

§ 1915A(a)-(b).[2] Thus, under the IFP statute, before summonses are issued in this case, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim on which relief may be granted, or (3) because the action seeks monetary relief from a defendant immune from such relief. *See* §1915(e)(2)(B)(i)-(iii); *Johnson v. Law Offices of Jennifer S. Adams*, No. 1:19-CV-6272 (LLS), 2019 WL 3080851, at *2 n.3 (S.D.N.Y. July 15, 2019) ("When a plaintiff proceeds IFP, before issuing a summons for any defendant, the Court must screen the complaint and dismiss claims that are frivolous, malicious, or fail to state a claim."), *appeal dismissed as frivolous*, No. 19-2235, 2019 WL 7602345 (2d Cir. Oct. 23, 2019). Civil actions screened under the PLRA are subject to the same requirements. § 1915A(a)-(b); *see Braithwaite v. Tropea*, No. 23-CV-1431, 2023 WL 2329856, at *1 n.1 (E.D.N.Y. Mar. 2, 2023) ("If Plaintiff's Complaint survives Section 1915A screening, Defendants will be served with summonses and the Complaint."). Accordingly, it would be premature to order the issuance of summonses and USMS service of process before the Court fulfills its statutory obligations. *See Wilcox v. Auburn Corr. Facility*, No. 9:19-CV-0715, 2019 WL 5968102, at *8 (N.D.N.Y. Oct. 1, 2019) (discussion in the context of the PLRA), *report & recommendation and order adopted*, 2019 WL 5964538 (N.D.N.Y. Nov. 13, 2019); *Johnson*, 2019 WL 3080851, at *2 n.3 (discussion in the context of the IFP statute). The Court therefore denies Plaintiff's motion, inasmuch as Plaintiff seeks the issuance of summonses and USMS service of process.

---

[2] PLRA screening occurs when a prisoner files a "complaint in a civil action in which . . . [he] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

2

**B.    Reassignment**

Plaintiff also seeks reassignment of this action from the undersigned because, in his view, the Court has not directed the issuance of summonses and USMS service of process that, he believes, are now required, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d). (ECF 12, at 2.) As discussed above, the Court cannot order such issuance and service unless and until this action survives the ongoing screening taking place pursuant to the IFP statute and the PLRA. *See supra* at 1-2. In addition, Plaintiff invokes 28 U.S.C. § 455(a) "as alternative grounds for reassignment," asserting "concerns about impartiality or oversight." (*Id.* at 2.) The Court understands Plaintiff's request for reassignment as a request for recusal.

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, "[u]nder the statute, recusal is required in specific contexts not relevant here as provided for in [28 U.S.C § 455(b)] and also wherever, an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (internal quotation marks and citation omitted).

The showing of personal bias must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed by a plaintiff where the judge had ruled against him on all of his previous motions). In addition, "[i]f

3

an adverse ruling is not cause for recusal, . . . it follows logically that the court's failure to rule on [an] . . . issue as quickly as Plaintiff may have liked is also not a basis for recusal." *Sanders v. WB Kirby Hill, LLC*, No. 16-CV-4596, 2019 WL 2393798, at *4 (E.D.N.Y. June 6, 2019); *see Gakuba v. James*, No. 1:24-CV-8313 (LTS), 2025 WL 1826507, at *4 (S.D.N.Y. July 2, 2025) (denying the plaintiff's motions for recusal complaining about "the amount of time that it has taken for the Court to issue a substantive order in this action and the Court's failure to grant Plaintiff the relief he believes he is entitled to when he believes he is entitled to it"), *appeal dismissed as frivolous*, No. 25-1661, 2025 WL 3960198 (2d Cir. Oct. 31, 2025).

As in *Gakuba*, to the extent that Plaintiff seeks the undersigned's recusal from this action, it seems that he seeks such relief because of the amount of time it is taking for the Court to screen this action and because of the Court's apparent failure to grant him the relief seeks. Those arguments alone are not grounds for recusal. Accordingly, and because Plaintiff makes no showing of the undersigned's personal bias or prejudice against him, the Court denies Plaintiff's motion, inasmuch as he seeks the recusal of the undersigned.

## CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's "Motion for Judicial Action or Reassignment due to Failure to Issue Summons Following IFP Grant." (ECF 12.)

The Court directs the Clerk of Court to terminate ECF 12.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 30, 2026
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge

5